# In the United States Court of Federal Claims

No. 19-587T

Filed: February 14, 2020

NOT FOR PUBLICATION

| | |
|---|---|
| BARRY EUGENE BROOKS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES, ) <br> ) <br> Defendant. ) <br> ) | *Pro Se*; RCFC 12(b)(1); Subject-Matter Jurisdiction; Tax Refund Claim. |

*Barry Eugene Brooks*, Kemp, TX, plaintiff *pro se*.

*Margaret E. Sheer*, Trial Attorney, *Richard E. Zuckerman*, Principal Deputy Assistant Attorney General, *David I. Pincus*, Chief, *G. Robson Stewart*, Assistant Chief, United States Department of Justice, Tax Division, Court of Federal Claims Section, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

### I. INTRODUCTION

Plaintiff, *pro se*, Barry Eugene Brooks, brings this action against the United States alleging that the government violated his constitutional rights under the Due Process Clause, by seizing his assets in connection with the collection of certain unpaid federal income tax. Compl. at 1. As relief, plaintiff seeks to recover $5,191,427.04 in monetary damages from the government. *Id.* at 3.

The government has moved to dismiss this matter for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Def. Mot. Plaintiff has also filed a motion to proceed in this matter *in forma pauperis*. *See generally* Pl. Mot. for IFP. For the reasons set forth below, the Court: (1) **GRANTS** the government's motion to dismiss; (2) **GRANTS** plaintiff's motion to proceed *in forma pauperis*; and (3) **DISMISSES** the complaint.

## II.   FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.   Factual Background

This case is one of several tax-related matters before the Court alleging, among other things, that the Internal Revenue Service ("IRS") lacks jurisdiction to collect federal income tax and asserting a claim for damages against the United States. Plaintiff, *pro se*, Barry Eugene Brooks, commenced this particular action on April 15, 2019. *See generally* Compl.

In the complaint, plaintiff alleges that the government violated his "due process of law," when it seized his household goods, professional equipment, automobile and personal bank account. *Id.* at 1-2. Plaintiff also alleges that his family members, friends and dental patients were "misinformed" regarding plaintiff's "false prosecution, sentencing, and two-year incarceration," in connection with his criminal prosecution and conviction for willful failure to file federal income tax returns. *Id.* at 2. Plaintiff further alleges that the government violated his rights under the Fourth Amendment to the United States Constitution, by taking his assets without authority. Pl. Sur-Reply at 1.

In addition, plaintiff attaches to the complaint certain IRS levy notices and certificates of release of federal tax liens for tax years 1987 through 1992. Pl. Ex. C at 8-12. As relief, plaintiff seeks to recover $5,191,427.04 in monetary damages from the United States. Compl. at 3.

As background, in 2001, plaintiff was indicted on three counts of felony willful failure to file federal income tax returns for a number of years in the United States District Court for the Eastern District of Texas. Pl. Ex. C at 5; Def. Ex. A. Plaintiff was ultimately convicted and sentenced to, among other things, 21 months of imprisonment in connection with that criminal proceeding. *Id.*

The IRS has undertaken certain collection activity against plaintiff, including levies and seizures and sales, that led to the satisfaction of plaintiff's federal income tax liability. Def. Mot. at 4-5; *see also* Def. Ex. G. For tax year 1988, the IRS collected a portion of

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the complaint ("Compl.") and the exhibits attached thereto ("Pl. Ex."); the government's motion to dismiss ("Def. Mot.") and the exhibits attached thereto ("Def. Ex."); plaintiff's response and opposition to the government's motion to dismiss ("Pl. Resp."); the government's reply in support of its motion to dismiss ("Def. Reply"); and plaintiff's sur-reply ("Pl. Sur-Reply"). Unless otherwise noted herein, the facts recited are undisputed.

plaintiff's unpaid taxes via levy. *Id.* at 044. But, the IRS ultimately deemed plaintiff to be in hardship status and the remaining unpaid taxes uncollectable. *Id.* And so, the IRS wrote off $28,245.44 in plaintiff's unpaid taxes. *Id.*

The IRS also filed a notice of federal tax lien regarding plaintiff's unpaid taxes for tax years 1989 and 1990. *Id.* at 049, 054. But, the IRS ultimately was not able to successfully collect these unpaid taxes. *Id.* As a result, the IRS also wrote off $53,201.53 in plaintiff's unpaid taxes for tax year 1989, and $54,059.80 in plaintiff's unpaid taxes for tax year 1990. *Id.* at 050, 055. Similar write-offs occurred for tax years 1991 and 1992, and the IRS ultimately wrote off $57,475.07 and $51,270.72, in plaintiff's unpaid taxes for tax years 1991 and 1992, respectively. *Id.* at 060, 065.

On June 14, 2018, plaintiff filed a petition in the United States Tax Court disputing a notice of deficiency and notice of determination concerning a collection action related to his federal income tax for tax years 1987-1999. Def. Ex. E. The Tax Court dismissed this petition for lack of jurisdiction on August 23, 2018. Def. Ex. F.

Thereafter, plaintiff commenced this action. *See generally* Compl.

**B.     Procedural Background**

Plaintiff commenced this action and filed a motion to proceed *in forma pauperis* on April 15, 2019. *See generally* Compl.; Pl. Mot. for IFP.

On June 21, 2019, the government filed a motion to dismiss this matter for lack of subject-matter jurisdiction, pursuant to RCFC 12(b)(1). *See generally* Def. Mot. On August 22, 2019, plaintiff filed a response and opposition to the government's motion to dismiss. *See generally* Pl. Resp.

On August 29, 2019, the government filed a reply in support of its motion to dismiss. *See generally* Def. Reply. On September 24, 2019, plaintiff filed a sur-reply by leave of the Court. *See generally* Pl. Sur-Reply.

These matters having been fully briefed, the Court resolves the pending motions.

## III. LEGAL STANDARDS

### A. *Pro Se* Litigants

Plaintiff is proceeding in this matter *pro se*. The Court grants parties that are proceeding *pro se* greater leeway than litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). But, "justice is ill-served when a jurist crosses the line from finder of fact to advocate." *Demes v. United States*, 52 Fed. Cl. 365, 369 (2002). And so, the Court may excuse ambiguities in plaintiff's complaint, but the Court does not excuse the complaint's failures. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

In this regard, this Court has long recognized that "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007). For this reason, the *pro se* plaintiff—like any other plaintiff—must establish the Court's jurisdiction to consider his claim. *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010).

### B. RCFC 12(b)(1)

When deciding a motion to dismiss for lack of subject-matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); RCFC 12(b)(1). Plaintiff bears the burden of establishing subject-matter jurisdiction, and he must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). And so, should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In particular, the Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United

4

>States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act is, however, "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute or regulation, or an express or implied contract with the United States. *Cabral v. United States*, 317 F. App'x 979, 981 (Fed. Cir. 2008).

Specifically relevant to this case, it is well-established that this Court does not possess subject-matter jurisdiction to consider claims based upon the Fourth Amendment, because the Fourth Amendment is not a money-mandating provision of law. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over such a violation."). This Court is also without jurisdiction to consider claims brought pursuant to the Due Process Clauses of the Constitution, because they do not obligate the payment of money. *Kenyon v. United States*, 127 Fed. Cl. 767, 773 (2016), *aff'd*, 683 F. App'x 945 (Fed. Cir. 2017); *see also Bailey v. United States*, No. 15-09C, 2015 WL 4505915, at *3 (Fed. Cl. July 23, 2015) (stating that due process claims are not considered to be money-mandating because they are outside of the scope of the jurisdiction granted to the Court of Federal Claims by the Tucker Act). And so, the Court must dismiss Fourth Amendment and due process claims for lack of subject-matter jurisdiction.

### C.  Tax Refund Claims

Title 26, United States Code, section 7422(a) provides the money-mandating source of law for bringing a tax refund claim in this Court. *Dumont v. United States*, 85 Fed. Cl. 425, 427-28 (2009). And so, a taxpayer may bring an action in this Court to recover any internal revenue tax erroneously or illegally assessed, provided that the taxpayer first files a claim for a refund with the IRS. I.R.C. § 7422(a); *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4

(2008); *Dumont*, 85 Fed. Cl. at 428; *see also* 28 U.S.C. § 1346(a)(1); *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991).

The United States Court of Appeals for the Federal Circuit has held, however, that this Court is without jurisdiction to entertain a claim for damages flowing from the allegedly unlawful collection activities of the IRS. *Ledford v. United States*, 297 F.3d. 1378, 1382 (Fed. Cir. 2002). And so, such claims must be brought before a United States district court. *Id.*; *see also Zolman v. United States*, Nos. 17-1901T, 17-1902T, 2018 WL 1664690, at *1-2 (Fed. Cl. April 6, 2018) (holding that the Court does not possess subject-matter jurisdiction to consider damages claims resulting from unauthorized collection actions, or failure to release a lien under either 26 U.S.C. §§ 7432(a) or 7433(a)).[2] This Court is similarly without jurisdiction to entertain claims challenging the imposition of tax liens, because such claims must be brought before a United States district court by a third party, and not by the taxpayer. *Zolman*, 2018 WL 1664690, at *1-2.

## IV. LEGAL ANALYSIS

The government has moved to dismiss this matter upon the ground that the Court does not possess subject-matter jurisdiction to consider plaintiff's claims. *See generally* Def. Mot. Specifically, the government argues that the Court may not consider plaintiff's claims for wrongful levy, unjust conviction, defamation and constitutional law violations pursuant to the

---

[2] Section 7432(a) of the Internal Revenue Code provides that:

> If any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

I.R.C. § 7432(a). Section 7433(a) of the Internal Revenue Code provides, in relevant part, that:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the [IRS] recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

I.R.C. § 7433(a).

6

Tucker Act. *Id.* at 6-9; Def. Reply at 2-3. And so, the government requests that the Court dismiss this action. Def. Mot. at 10; Def. Reply at 3.

Plaintiff has also moved to proceed in this matter *in forma pauperis*. *See generally* Pl. Mot. for IFP.

For the reasons discussed below, plaintiff has not met his burden to show that any of his claims fall within the Court's limited jurisdiction under the Tucker Act. Plaintiff has, however, satisfied the statutory requirements to proceed in this matter without paying the Court's filing fee. And so, the Court: (1) **GRANTS** the government's motion to dismiss; (2) **GRANTS** plaintiff's motion to proceed *in forma pauperis*; and (3) **DISMISSES** the complaint.

### A.   The Court May Not Consider Plaintiff's Constitutional Law Claims

As an initial matter, the Court must dismiss plaintiff's constitutional law claims, because plaintiff fails to establish that the Court possesses subject-matter jurisdiction to consider these claims.

In the complaint, plaintiff alleges that the government violated his "due process of law," when it seized his household goods, professional equipment, automobile and personal bank account. Compl. at 1-2. To the extent that plaintiff asserts a due process claim under Fifth and/or Fourteenth Amendments of the United States Constitution, the Court does not possess subject-matter jurisdiction to consider such claims under the Tucker Act. Indeed, it is well-established that this Court may not consider constitutional claims based upon a violation of the Due Process Clause of the Fifth and Fourteenth Amendments, because these constitutional provisions are not money-mandating. *Kenyon v. United States*, 127 Fed. Cl. 767, 773 (2016), *aff'd*, 683 F. App'x 945 (Fed. Cir. 2017); *see also Bailey v. United States*, No. 15-09C, 2015 WL 4505915, at *3 (Fed. Cl. July 23, 2015) (stating that due process claims are not considered to be money-mandating because they are outside of the scope of the jurisdiction granted to the Court of Federal Claims by the Tucker Act).

The Court may also not consider plaintiff's Fourth Amendment claim. In his sur-reply, plaintiff alleges that the government violated his rights under the Fourth Amendment. Pl. Sur-Reply at 1. But, the Court does not possess subject-matter jurisdiction to consider this constitutional claim, because the Fourth Amendment is not a money-mandating provision of law.

7

*Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over such a violation."). Given this, the Court must dismiss plaintiff's Due Process and Fourth Amendment claims for lack of subject-matter jurisdiction. RCFC 12(b)(1).

### B. The Court May Not Consider Plaintiff's Wrongful Collection Claims

To the extent that plaintiff alleges wrongful levy or wrongful collection claims, the Court must also dismiss these claims for want to subject-matter jurisdiction.

In the complaint, plaintiff alleges that he is entitled to recover monetary damages from the government because the government improperly seized his assets in connection with the collection of certain federal income tax. Compl. at 1-2. But, the United States Court of Appeals for the Federal Circuit has held that this Court is without jurisdiction to entertain a claim for damages flowing from the allegedly unlawful collection activities of the IRS. *Ledford v. United States*, 297 F.3d. 1378, 1382 (Fed. Cir. 2002); *see also Zolman v. United States*, Nos. 17-1901T, 17-1902T, 2018 WL 1664690, at *1-2 (Fed. Cl. April 6, 2018) (holding that the Court does not possess subject-matter jurisdiction to consider damages claims resulting from unauthorized collection actions, or failure to release a lien under either 26 U.S.C. §§ 7432(a) or 7433(a)).

This Court is similarly without jurisdiction to entertain plaintiff's claim challenging the imposition of tax liens, because such claims must be brought before a United States district court by a third party, and not by plaintiff. *Zolmon*, 2018 WL 1664690, at *1-2. And so, the Court must also dismiss plaintiff's wrongful levy and wrongful collection claims for lack of subject-matter jurisdiction.

Because plaintiff has not established that the Court possesses subject-matter jurisdiction to consider any of his claims, the Court **GRANTS** the government's motion to dismiss and **DISMISSES** the complaint. RCFC (12)(b)(1).

### C. Plaintiff May Proceed *In Forma Pauperis*

As a final matter, plaintiff has moved to proceed in this matter without paying the Court's filing fee. *See generally* Pl. Mot. for IFP. In his application to proceed *in forma pauperis*, plaintiff states that he is not employed and that he is unable to pay the Court's filing fee. *Id.* at 1. This Court may authorize commencement of a suit without prepayment of fees when a person

submits an affidavit including a statement of all assets, a declaration that he or she is unable to pay the fees and a statement of the nature of the action and a belief that he or she is entitled to redress. *See* 28 U.S.C. § 1915(a); *see also* 28 U.S.C. § 2503(d). Due to the Court's summary disposition of this case, and plaintiff's *pro se* status, the Court finds that plaintiff satisfies the statutory requirements to proceed *in forma pauperis*. And so, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

## V. CONCLUSION

In sum, the most generous reading of the complaint makes clear that the Court does not possess subject-matter jurisdiction to consider any of plaintiff's claims. Plaintiff has, however, satisfied the statutory requirements to proceed in this matter without paying the Court's filing fee.

And so, for the foregoing reasons, the Court:

1. **GRANTS** the government's motion to dismiss;
2. **GRANTS** plaintiff's motion to proceed *in forma pauperis*; and
3. **DISMISSES** the complaint.

The Clerk shall enter judgment accordingly.

Each party shall bear its own costs.

**IT IS SO ORDERED.**

_____
LYDIA KAY GRIGGSBY
Judge